UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
PETE CHALIF,

        Plaintiff,

  -v.-                                            9:05-CV-1355
                                                        (LEK/DEP)

ELIOT SPITZER, New York State Attorney
General, *et al.*,

        Defendants.
-----------------------------------------------------------------------
APPEARANCES:

PETE CHALIF
Plaintiff, *pro se*

HON. ANDREW M. CUOMO                          MEGAN M. BROWN, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## ORDER

**I.    Background**

The Clerk has sent to the Court a Motion for injunctive relief filed by Pete Chalif ("plaintiff" or "Chalif"), who is currently incarcerated at the Central New York Psychiatric Center.[1]  Motion for Injunctive Relief (Dkt. No. 18).  A Motion to dismiss is presently pending before the Honorable David E. Peebles, United States Magistrate Judge, and will be addressed by separate Report and Recommendation.

Plaintiff filed this action on October 26, 2005 naming various state and federal

---

[1] Plaintiff has one other action pending in this Court.  9:03-CV-0713(LEK/DRH).  The two cases appear to have some common factual threads, including that the members of the Organized Crime Task Force (OCTF) are seeking to assassinate Plaintiff at the direction of the New York State Attorney General.

officials. Most of the state defendants have been served, but the federal defendants have not yet been served. According to a status report, at least one of the federal officials is deceased. Status Report (Dkt. No. 46). At the time plaintiff filed this action, he was housed at the Central New York Psychiatric Center. He is presently housed at the Manhattan Psychiatric Center.

The amended Complaint in this action sets forth a variety of claims, including deliberate indifference to plaintiff's safety, denial of due process, various charges of conspiracies by the defendants to injure or assassinate plaintiff, and psychological torture. See Amended Compl. (Dkt. No. 15). The events alleged in the amended Complaint arose at the Auburn Correctional Facility and Great Meadow Correctional Facility.

## II.     Motion For Injunctive Relief

### A.     Allegations

In his Motion for injunctive relief, plaintiff alleges that "there's nowhere safe for me in NYSDOCS custody the inmate population believes I'm Ku Klux Klan and I'm the target for political assassination by defendants Spitzer et al...." Motion for Injunctive Relief (Dkt. No. 18) at 5. Plaintiff further alleges that the "illegal Co.In.Tel.Pro./Operation Chaos domestic espionage actions of the defendants is an illegal practice . . ." Id.

Plaintiff seeks an injunction from this Court prohibiting defendants from "transferring the plaintiff from Office of Mental Health Custody back to New York State Department of Corrections custody," or requiring that defendants place him in administrative segregation upon his return to DOCS custody; plaintiff also seeks an order stopping defendants from "spreading rumors to prisoners." Id. at 1-2. In the alternative, plaintiff seeks a transfer to federal custody. Id.

2

The state defendants oppose this motion. State Defts' Response (Dkt. No. 52). In their response, the state defendants note that plaintiff was transferred to the custody of the New York State Office of Mental Health ("OMH") on March 2, 2006, pursuant to New York Correctional Law §402(9).[2] Selsky and Goetz Affidavits (Dkt. No. 52, Attachs. 2 & 3). Therefore, the DOCS employees named in this action have no authority over plaintiff's movement, unless and until the OMH determines that plaintiff is no longer in need of inpatient care and discharges him back to DOCS. Accordingly, defendants argue that plaintiff may not seek injunctive relief against those parties who no longer have control of plaintiff.

**B.   Standard of Review**

The standard a court must utilize in considering whether to grant a request for injunctive relief is well settled in this Circuit. As the Second Circuit noted in Covino v. Patrissi, 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. Id. at 77 (affirming district court's denial of inmate's request for preliminary injunction); see also Roucchio v. LeFevre, 850 F.Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.).

**(1) Irreparable Harm**

"The showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." Brown v. Middaugh, No. 96-CV-1097, 1998 WL 566791, at *1 (N.D.N.Y. Sept. 3, 1998) (Munson, Senior D.J.) (internal quotation

---

[2]Plaintiff is serving an indeterminate sentence that he continues to receive credit toward while he is in OHM custody.

omitted). "The mere possibility of harm is not sufficient: the harm must be imminent and the movant must show he is likely to suffer irreparable harm if equitable relief is denied." Id. "Nor will a preliminary injunction be granted if the movant can be compensated adequately by money damages." Id.

As to this first factor, plaintiff does not seek to prevent ongoing or imminent conduct. Rather, he seeks to avoid the possibility of certain events occurring in the future. The Court notes that allegations of future injury without more do not establish a real threat of injury. Garcia v. Arevalo, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994). Therefore, the Court finds that, for purposes of the application currently before the Court, plaintiff has failed to establish that he may suffer irreparable harm.

Accordingly, because plaintiff cannot establish the potential for irreparable harm, his request for injunctive relief must be denied.

### (2)     Proper Party for Injunctive Relief

In addition, plaintiff is not now under the custody and control of DOCS or the DOCS employees named as defendants herein. Rather, plaintiff is in the custody of OMH.[3] Accordingly, plaintiff's effort to obtain injunctive relief against parties at his former place of incarceration is improper and cannot be granted. Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996) (citing Young v. Coughlin, 866 F.2d 567, 568 n.1 (2d Cir.), cert. denied, 492 U.S. 909 (1989); Beyah v. Coughlin, 789 F.2d 986, 988 (2d Cir.1986)).

Based on the foregoing, plaintiff's Motion for injunctive relief must be denied.

---

[3] Neither OMH or any of its employees are named as a party to this action.

WHEREFORE, it is hereby

**ORDERED**, that plaintiff's Motion for injunctive relief (Dkt. No.18) is **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED:   September 05, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge